IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**OLIVER C. HICKS**     **PLAINTIFF**

**VS.**     **CAUSE NO.: 4:23-CV-242-DMB-JMV**

**STATE FARM FIRE AND CASUALTY COMPANY,**
**J.W. WEBB, AND JOHN DOES 1-3**     **DEFENDANTS**

### ORDER DENYING SECOND MOTION FOR REMAND-RELATED DISCOVERY

**THIS MATTER** is before the Court upon the second motion of Plaintiff Oliver C. Hicks [22] to conduct remand-related discovery. In the Motion, Plaintiff requests to conduct remand-related discovery of both State Farm Fire and Casualty Company ("State Farm") and J.W. Webb. For the reasons below, Plaintiff's motion shall be denied.

### Background and Procedural History

On November 20, 2023, Plaintiff filed the complaint [2] in the County Court of Coahoma County, Mississippi. Defendants State Farm and J.W. Webb removed [1] the action on December 22, 2023, alleging that the non-diverse defendant, J.W. Webb, was improperly joined. On December 27, 2023, Defendant J.W. Webb filed a motion to dismiss, or in the alternative, for summary judgment. Plaintiff filed a motion [11] requesting a 90-day period in which to conduct unspecified remand-related discovery, which was denied [16] by the undersigned on January 29, 2024.

On February 1, 2024, Plaintiff filed a motion to remand [18], and this case was stayed [20]. On February 12, 2024, Plaintiff filed a second motion for remand-related discovery [22], which is

1

now fully briefed.[1]

## The Instant Second Motion for Remand-Related Discovery

As grounds for the motion, Plaintiff argues that "All proposed remand related discovery concern Defendant J.W. Webb's failure and/or negligence to procure insurance in regard to the application made by Oliver C. Hicks." [22] at 1. Plaintiff attached the proposed remand-related discovery of J.W. Webb as Exhibit "A" to his motion [22] and the proposed remand-related discovery of State Farm as Exhibit "B" to his motion.

More specifically, Plaintiff purports to send thirty-eight discovery requests to J.W. Webb and thirty-eight discovery requests to State Farm, both of which are compiled of interrogatories, requests for production of documents and things, as well as requests for admissions. For example, Plaintiff requests "the entire Underwriting File of the Plaintiff," "the entire State Farm Claim File of the Plaintiff," "full and complete detail the information received by State Farm from Webb in order to issue homeowners insurance," and "all recordings between Webb and the Plaintiff." [22] at Ex. A and B.

In response, Defendants argue that Plaintiff has failed to "demonstrate how the discovery sought is expected to affect the decision of this Court as to its jurisdiction over this matter, i.e., whether the Complaint states a reasonably plausible theory of relief against Webb, the non-diverse defendant." [26] at 2. In his reply, Plaintiff argues that remand-related discovery is "necessary to address what misrepresentation was made in the application taken by Wade [sic] and that, if any material misrepresentation was contained in the application, the misrepresentation was the result of negligence on the part of Webb." [27] at 3.

---

1 Plaintiff also filed a motion to hold the motion to remand in abeyance [28] on February 15, 2024, which is before the district judge.

**Law and Analysis**

As the undersigned noted in the January 29, 2024, order [16], the Fifth Circuit has held that remand-related discovery "should not be allowed except on a tight judicial tether, sharply tailored to the question at hand, and only after a showing of its necessity." *Mississippi ex rel. Fitch v. Eli Lilly and Co.*, 2022 WL 2467723 at *2 (S.D. Miss. 2022), citing *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004). "[M]otions for remand-related discovery should rarely be granted." *Johnson v. J.P. Morgan Chase & Co.*, 2:04-CV-216-P-A, 2004 WL 2370621, at *1 (N.D. Miss Oct. 7, 2004) (citing *Smallwood*, 385 F.3d at 574). Further, remand-related discovery is appropriate only where the party seeking the discovery shows that the proposed discovery is "necessary and sharply tailored to address the discrete and undisputed facts at issue." *Hinds County Miss. Bd. of Sup'rs v. Motorola, Inc.*, 2010 WL 445517, 3 (S.D. Miss. Feb. 1, 2010). A discrete and undisputed fact in this context is one "that easily can be disproved if not true" such as whether the plaintiff was actually treated by the in-state doctor named in the complaint, or whether a party's residence has been correctly alleged. *Id.* (citing *Smallwood*, 385 F.3d at 574 n.12). To the contrary, it is improper for a plaintiff to seek remand-related discovery in order to determine whether there are any facts which can be articulated or developed upon which the plaintiff's cause of action against the non-diverse defendant could result in liability. *Pierce v. United Home Life Ins. Co.*, No. 3:11CV790TSL-MTP, 2012 WL 12884489, at *1, n.2 (S.D. Miss. Feb. 10, 2012).

In this instance, the second motion for remand-related discovery must be denied. After reviewing the proposed remand-related discovery in this case, the Court finds that even if the case was otherwise proper for remand-related discovery, the proposed discovery is not "sharply tailored" to uncover discrete and/or undisputed facts. In fact, Plaintiff has wholly failed to direct

3

this Court to a "discrete" and/or "undisputed fact at issue." Rather, Plaintiff argues that "all proposed remand related discovery concern Defendant J.W. Webb's failure and/or negligence to procure insurance in regard to the application made by Oliver C. Hicks." [22] at 1. In his proposed remand-related discovery, Plaintiff has requested the entire claim file, the entire underwriting file, and any and all recordings, along with over twenty requests for admissions; this is simply not the type of narrowly tailored remand-related discovery permitted in this Circuit.

**THEREFORE, IT IS ORDERED** that Plaintiff's second motion to conduct remand-related discovery shall be and is hereby denied.

**SO ORDERED,** this 5th day of March, 2024.

/s/ Jane M. Virden
MAGISTRATE JUDGE JANE M. VIRDEN