**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**OLIVER C. HICKS**                                                                                   **PLAINTIFF**

**V.**                                                                                                   **NO. 4:23-CV-242-DMB-JMV**

**STATE FARM FIRE AND CASUALTY
COMPANY; J.W. WEBB; and JOHN
DOES 1–3**                                                              **DEFENDANTS**

**OPINION AND ORDER**

State Farm Fire and Casualty Company and J.W. Webb removed this case to federal court based on their assertion that Webb was improperly joined. Webb moves to dismiss Oliver Hicks' claims against him. Hicks moves to remand. Because Hicks has not shown a possibility of recovery against Webb, Hicks' claims against Webb will be severed and remanded to state court, Webb's motion to dismiss will be denied without prejudice, and Hicks' motion to remand the entire case will be denied.

**I
Procedural History**

On November 20, 2023, Oliver C. Hicks filed a complaint in the County Court of Coahoma County, Mississippi, against State Farm Fire and Casualty Company, J.W. Webb, and John Does 1–3 alleging (1) breach of contract, (2) breach of the duty of fair dealing and good faith, and (3) gross negligence regarding State Farm's handling of his insurance claim for fire damage to his property. Doc. #2. Asserting diversity jurisdiction, State Farm and Webb removed the case to the United States District Court for the Northern District of Mississippi on December 22, 2023. Doc. #1. The removal notice alleges that Hicks is a citizen of Mississippi; State Farm is incorporated and has its principal place of business in Illinois; and that although Webb is a citizen of Mississippi,

his "citizenship should be disregarded for purposes of diversity" as "a fraudulently or improperly joined party." Doc. #1 at 2–3.

On December 27, 2023, Webb filed a motion to dismiss or, in the alternative, motion for summary judgment. Doc. #3. Hicks did not respond to the motion.

On January 4, 2024, Hicks moved to conduct remand-related discovery. Doc. #11. United States Magistrate Judge Jane M. Virden denied the motion on January 29, 2024, finding "[t]he discovery [was] not sharply tailored to the question at hand" and there was "no pending motion to remand." Doc. #16 at PageID 165–66.

Hicks then filed on February 1, 2024, a motion to remand the case to state court. Doc. #18. State Farm responded in opposition on February 12, 2024.[1] Doc. #23. That same day, Hicks again moved for remand-related discovery. Doc. #22.

Three days later, on February 15, 2024, Hicks moved to hold remand briefing in abeyance pending a ruling on his motion for remand-related discovery. Doc. #28. State Farm responded on February 19, 2024. Doc. #29. Hicks did not reply.

On March 5, 2024, Judge Virden denied Hicks' February 12 motion for remand-related discovery because the request was "not the type of narrowly tailored remand-related discovery permitted." Doc. #31 at 4.

## II
## Jurisdiction

"Under the federal removal statute, a civil action may be removed from a state court to a federal court on the basis of diversity. This is so because the federal court has original subject matter jurisdiction over such cases." *Int'l Energy Ventures Mgmt., LLC v. United Energy Grp.,*

---

[1] Hicks did not reply.

2

*Ltd.*, 818 F.3d 193, 199 (5th Cir. 2016). Diversity jurisdiction requires that there be (1) complete diversity between the parties; and (2) an amount in controversy in excess of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332; *Imperium Ins. Co. v. Shelton & Assocs.*, *P.A*, 761 F. App'x 412, 418 (5th Cir. 2019). Complete diversity "means that all persons on one side of the controversy must be citizens of different states than all persons on the other side." *IFG Port Holdings, LLC v. Lake Charles Harbor & Terminal Dist.*, 82 F.4th 402, 408 (5th Cir. 2023) (cleaned up).

There is no dispute that complete diversity is lacking because both Hicks and Webb are citizens of Mississippi. Doc. #1 at 2–3. But State Farm contends diversity jurisdiction exists because Webb was improperly joined. *Id.* at 3. In moving to remand, Hicks argues that Webb was not fraudulently joined because Webb, as a State Farm agent, "may be liable for his own negligence." Doc. #19 at PageID 183.

### A. Improper Joinder

The improper joinder doctrine[2] represents a "narrow exception" to the complete diversity rule. *Vaillancourt v. PNC Bank, Nat'l Ass'n*, 771 F.3d 843, 847 (5th Cir. 2014). Under the doctrine, "a district court is prohibited by statute from exercising jurisdiction over a suit in which any party … has been improperly or collusively joined to manufacture federal diversity jurisdiction." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004) (emphasis omitted).

The removing party bears the burden of establishing improper joinder. *Allen v. Walmart Stores, LLC*, 907 F.3d 170, 183 (5th Cir. 2018). The Fifth Circuit has "'recognized two ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *D & J*

---

[2] While case law uses both the terms "improper" and "fraudulent" joinder, "'improper joinder' is preferred." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 571 n.1 (5th Cir. 2004).

3

*Invs. of Cenla, LLC v. Baker Hughes A G E Co., LLC*, 52 F.4th 187, 195 (5th Cir. 2022) (quoting *Smallwood*, 385 F.3d at 573). Only the second approach is involved here, which requires the defendant to "show that [the] plaintiff cannot establish a cause of action against the non-diverse party in state court" because "'there is no possibility of recovery by the plaintiff against an in-state defendant.'" *Advanced Indicator & Mfg. v. Acadia Ins. Co.*, 50 F.4th 469, 473 (5th Cir. 2022) (quoting *Smallwood*, 385 F.3d at 573). To determine whether there is a possibility of recovery, "[t]he inquiry is virtually identical to the inquiry on a motion to dismiss for failure to state a claim: [o]rdinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Williams v. Homeland Ins. Co.*, 18 F.4th 806, 812 (5th Cir. 2021) (citations and internal quotation marks omitted).

To survive dismissal under the Rule 12(b)(6) standard, "a complaint must present enough facts to state a plausible claim to relief. A plaintiff need not provide exhaustive detail to avoid dismissal, but the pleaded facts must allow a reasonable inference that the plaintiff should prevail." *Mandawala v. Ne. Baptist Hosp.*, 16 F.4th 1144, 1150 (5th Cir. 2021) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Heinze v. Tesco Corp.*, 971 F.3d 475, 479 (5th Cir. 2020) (citation omitted). However, the Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* (citations omitted).

When analyzing whether a non-diverse party was improperly joined, if "a complaint states a claim that satisfies 12(b)(6) but has misstated or omitted discrete facts that would determine the propriety of joinder[,] the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Cumpian v. Alcoa World Alumina, LLC*, 910 F.3d 216, 220 (5th Cir. 2018)

4

(cleaned up); *see Smallwood*, 385 F.3d at 573–74 ("summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant"). However, the possibility of recovery against the in-state defendant must be real not theoretical. *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007). "[A] court is not required to strain to find inferences favorable to the plaintiff." *Foster v. Natchez Hosp. Co., LLC*, No. 5:21-cv-24, 2021 WL 6618767, *2 (S.D. Miss. July 1, 2021) (citing *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005)).

### B. Factual Allegations

Oliver C. Hicks had a State Farm insurance policy ("Policy") on "property he owned at 225 Maple Avenue, Clarksdale, Mississippi." Doc. #2 at PageID 57–58. On April 28, 2023, his property "was the subject of a fire." *Id.* at PageID 58. Hicks had paid all premiums and performed all obligations under the Policy while it was "in full force and effect." *Id.* Hicks made a claim under the Policy for the damage to the property caused by the fire. *Id.* "After complying with all request[s] and demands by the Defendants, the policy was rescinded and deemed to not be in force on the date of the loss." *Id.*

### C. Analysis

In seeking remand, Hicks argues Webb was not fraudulently joined because "Webb can be held liable for negligence in failing to procure insurance" and Mississippi is a "notice pleading" state so he is not required to make any specific allegations against Webb. Doc. #19 at 2. State Farm and Webb respond that Webb was improperly joined because Hicks "does not assert … discrete facts setting forth any specific claim for relief against Webb," including a negligence claim. Doc. #24 at 6, 10.

5

### 1. Pleading standard

When analyzing improper joinder claims, the 12(b)(6) standard applies because "the improper-joinder analysis in the context of removal and remand is solely about determining the *federal* court's jurisdiction" and "[w]hen determining the scope of its own jurisdiction, a federal court does so without reference to state law, much less state law governing pleadings." *Int'l Energy Ventures Mgmt., LLC*, 818 F.3d at 202 (emphasis in original). So, Hicks' argument that the Court should analyze his complaint pursuant to the notice pleading standard under Mississippi state law is rejected.

### 2. Claims alleged

In his complaint, Hicks alleges that "Defendants" are liable for breach of contract, breach of the duty of fair dealing and good faith, and gross negligence. Doc. #2 at PageID 58. Specifically, Hicks alleges the defendants "[f]ail[ed] to make the entitled payment to [him] at a time when Defendants well knew that [he] was entitled to … such payment;" "with[eld] payment;" refus[ed] to honor the claim … without … arguable reason;" and "us[ed] … superior bargaining … power … to deprive [him] of his entitled benefits." *Id.* at PageID 59. To the extent Hicks does not delineate his claims against the defendants,[3] the Court presumes he alleges all claims against Webb as well as against the other defendants.

"To determine whether jurisdiction is present for removal, [the Court] consider[s] the claims in the state court petition as they existed at the time of removal." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing *Cavallini v. State Farm Mut. Auto.*

---

[3] To the extent Hicks' complaint does not delineate which claims are alleged against which defendants or plead specific facts in relation to his claims, such allegations may be disregarded. *See Bradley v. Mississippi*, No. 3:21-cv-212, 2022 WL 3093288, at *1 (N.D. Miss. Aug. 3, 2022) ("[T]his court agrees … that the complaint in this case is a quintessential 'shotgun' complaint which makes blanket allegations against 'defendants' without specifying exactly which wrongful actions each is alleged to have committed. This is clearly improper."). However, in the interest of efficiency, the Court will evaluate the claims as though they were pled specifically against Webb.

6

*Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995)). While the Court may consider post-removal filings if they "clarify or amplify the claims actually alleged in the [state court complaint]," the Court is not required to consider such filings that "present new causes of action or theories not raised in the controlling petition filed in state court." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 700 (5th Cir. 1999).

### a. Breach of contract

Under Mississippi law,[4] "[i]nsurance policies are contracts," *S. Healthcare Servs., Inc. v. Lloyd's of London*, 110 So. 3d 735, 744 (Miss. 2013), and "are to be enforced according to their provisions," *Penn-Star Ins. Co. v. Thompson*, 368 So. 3d 1245, 1250 (Miss. 2023). "A breach-of-contract case has two elements: '(1) the existence of a valid and binding contract,' and (2) a showing 'that the defendant has broken, or breached it.'" *Maness v. K & A Enters. of Miss., LLC*, 250 So. 3d 402, 414 (Miss. 2018) (quoting *Bus. Commc'ns, Inc. v. Banks*, 90 So. 3d 1221, 1224 (Miss. 2012)). An agent acting for a disclosed principal can incur no contractual liability absent fraud or other equivalent conduct. *Jabour v. Life Ins. Co. of N. Am.*, 362 F. Supp. 2d 736, 740–41 (S.D. Miss. 2005).

Hicks' complaint only specifically mentions Webb once and then only in listing the parties—it identifies "Defendant, J.W. Webb" and provides his address. Doc. #2 at PageID 57. Nowhere in the complaint does Hicks allege Webb is a party to the Policy or even the insurance agent he used to purchase the Policy. *See generally id.* Only in State Farm's notice of removal is Webb identified as "an insurance agent." Doc. #1 at 9. Regardless, Hicks' complaint does not allege Webb acted fraudulently or had similar conduct sufficient to incur contractual liability as

---

[4] The Policy, which State Farm attached to the notice of removal, contains a "Conformity of State Law" provision that says "[w]hen a policy provision is in conflict with the applicable law of the State in which this policy is issued, the law of the State will apply." Doc. #1-5 at PageID 54. The Policy was issued in Mississippi so Mississippi law applies. *Id.* at PageID 28.

7

an agent for a disclosed principal. While Hicks is not required to "provide exhaustive detail" to sufficiently state a claim against Webb, he still needs to plead facts that "allow a reasonable inference that" his breach of contract claim against Webb should prevail. *Mandawala*, 16 F.4th at 1150. Because Hicks has not done so, the Court concludes that Hicks has not pled any facts to support a possibility of recovery against Webb for breach of contract. *See Guinn v. Wilkerson*, 963 So. 2d 555, 558–59 (Miss. Ct. Ap. 2006) (affirming dismissal of breach of contract claim for failure to state a claim).

### b. Breach of the duty of fair dealing and good faith

"[A]ll contracts contain an implied covenant of good faith and fair dealing in performance and enforcement." *Gulf Coast Hospice LLC v. LHC Grp. Inc.*, 273 So. 3d 721, 744 (Miss. 2019). This "duty of good faith and fair dealing arises from the existence of a contract between parties." *Id.* (cleaned up). "Good faith is the faithfulness of an agreed purpose between two parties, a purpose which is consistent with justified expectations of the other party." *Id.* Bad faith "requires a showing of more than bad judgment or negligence; rather, [it] implies some conscious wrongdoing because of dishonest purpose or moral obliquity." *Id.* (internal quotation marks omitted).

Because Hicks does not allege Webb was a party to the Policy or even the insurance agent involved in his purchase of the Policy, Hicks fails to allege Webb breached an implied covenant arising from the existence of a contract. Thus, for the same reasons discussed above, Hicks states no claim against Webb for breach of the implied covenant of good faith and fair dealing. *See Rhodes v. State Farm Fire & Cas. Co.*, No. 1:08-cv-674, 2009 WL 563876, at *4 (S.D. Miss. Mar. 4, 2009) ("Because [plaintiff] was not a party to the contract, he had no implied duty of good faith

8

and fair dealing with regard to the performance of the contract, and, as such, cannot be held liable under a bad faith theory of recovery.").

### c. Gross negligence

The elements of a negligence claim under Mississippi law are duty, breach of duty, proximate cause, and damages. *Mladineo v. Schmidt*, 52 So. 3d 1154, 1164 (Miss. 2010). Beyond the conclusory allegation that "Defendants [sic] conduct, or lack thereof, reflects gross negligence," Doc. #2 at PageID 58, Hicks does not plead any of the elements of negligence against Webb (or any of the defendants) or allege any facts which, if taken as true, show Webb (or the other defendants) were acting negligently. So the complaint on its face fails to state a claim against Webb for negligence, much less gross negligence. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) ("In order to avoid dismissal for failure to state a claim, however, a plaintiff must plead specific facts, not mere conclusory allegations.").

It is true that under Mississippi law, "[a]n insurance agent must use that degree of diligence and care … which a reasonably prudent person would exercise in the transaction of his own business" and "it is well-settled that if an insurance agent or broker with a view to being compensated agrees to procure insurance for another and through fault or neglect fails to do so, he will be liable for any damage that results thereby." *Mladineo*, 52 So. 3d at 1162, 1164 (alteration omitted). But there are no allegations in Hicks' complaint that Webb owed him a duty—by failing to procure insurance or otherwise—and that he breached such duty. Nor does Hicks' complaint specify that Webb or his agency were negligent. For this additional reason then, Hicks has not pled any facts to support a possibility of recovery on a gross negligence claim against Webb. *See Circle M Ranch, LLC v. Hill*, No. 3:22-cv-54, 2023 WL 9181341, at *2 (S.D. Miss. Mar. 13, 2023)

9

(dismissing gross negligence claim on 12(b)(6) motion where "Plaintiff's Complaint does not raise the issue of an agency's failure to procure proper insurance").

### 3. Severance

Because Hicks' complaint does not state a claim against Webb, Webb is improperly joined. "Once a court has found improper joinder, it may sever the non-diverse defendant and remand those claims." *Sanders v. Vehicle*, No. 4:22-cv-164, 2023 WL 2352935, at *3 (N.D. Miss. Mar. 3, 2023) (quoting *Magsby v. Allstate Vehicle and Prop. Ins. Co.*, No. 4:20-cv-22, 2020 WL 2812827, at *3 (N.D. Miss. May 29, 2020)); *see Cervantes v. Ocwen Loan Servicing, LLC*, 749 F. App'x 242, 244 (5th Cir. 2018) ("The improperly joined defendant can then be eliminated from the case; so long as the remaining parties meet the requirements of diversity jurisdiction, the federal district court can exercise jurisdiction over the case."). Because Webb is improperly joined, the Court will sever and remand the claims against Webb. *See* Fed. R. Civ. P. 21 ("The court may … sever any claim against a party" due to misjoinder.). Because after severance, there is complete diversity between Hicks and State Farm, Hicks' motion to remand the entire case will be denied.

## III
## Remaining Motions

Having determined that Webb was improperly joined and that the claims against him will be severed and remanded, Webb's motion to dismiss will be denied without prejudice. Additionally, because Judge Virden denied Hicks' February 12 motion to conduct remand-related discovery, Hicks' motion to hold remand briefing in abeyance will be denied as moot.

## IV
## Conclusion

Hicks' claims against Webb are **SEVERED** and **REMANDED** to the County Court of Coahoma County, Mississippi. Webb's motion to dismiss [3] is **DENIED without prejudice**.

Hicks' motion to remand [18] is **DENIED**. Hicks' "Motion to Hold Remand Briefing in Abeyance" [28] is **DENIED as moot**.

    **SO ORDERED**, this 2nd day of April, 2024.

**/s/Debra M. Brown**
**UNITED STATES DISTRICT JUDGE**
