**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**OLIVER C. HICKS**     **PLAINTIFF**

V.     **NO. 4:23-CV-242-DMB-JMV**

**STATE FARM FIRE AND CASUALTY COMPANY; J.W. WEBB; and JOHN DOES 1-3**     **DEFENDANTS**

**ORDER**

On April 3, 2024, this Court (1) denied Oliver C. Hicks' motion to remand this entire case to the County Court of Coahoma County, finding J.W. Webb was improperly joined as a defendant; (2) severed and remanded Hicks' claims against Webb; and (3) denied Webb's motion to dismiss without prejudice. Doc. #32 at 10–11. Nine days later, Webb, joined by State Farm, filed a motion for reconsideration seeking an order dismissing him as an improperly joined party or, in the alternative, an order granting his motion to dismiss. Docs. #40, #45. Hicks responded in opposition on April 18, 2024, Doc. #50, and Webb replied one week later, Doc. #52.

Having considered the parties' arguments on the motion for reconsideration[1] and in view of Fifth Circuit precedent,[2] the motion for reconsideration [40] and joinder [45] are **GRANTED**.

---

[1] The defendants argue that the failure to dismiss Webb after finding he was improperly joined, the severance and remand of unviable claims against Webb, and the denial of Webb's motion to dismiss after finding the complaint failed to state a claim against Webb all constitute errors of law and result in manifest injustice to Webb. Doc. #41 at 2–6. Hicks responds that "[a]lthough [he] does not concede that Webb was improperly joined, because the Court determined that Webb was improperly joined, Webb must be dismissed without prejudice;" the Court correctly denied Webb's motion to dismiss; and Federal Rule of Civil Procedure 21 "was the proper way for the Court [to] sever [the] Webb [case] and to remand it." Doc. #51 at PageID 330. The defendants reply that Hicks "provides no legal support for his reconsideration argument which is in effect a counter-motion and should be disregarded as improper," and while they agree with Hicks "that under Rule 21 district courts have discretion to add or drop parties and, in most cases, to sever claims," it does not in this case. Doc. #52 at PageID 2–3.

[2] *See In re N&W Marine Towing, LLC*, 90 F.4th 724, 731 (5th Cir. 2024) ("Once a court determines that a nondiverse defendant was improperly joined, that defendant's citizenship may not be considered for purposes of diversity jurisdiction, and that defendant must be dismissed without prejudice.") (citing *Int'l Energy Ventures Mgmt. LLC v. United Energy Grp. Ltd.*, 818 F.3d 193, 209 (5th Cir. 2016)).

Webb is **DISMISSED** without prejudice.³ The stay of this case is **LIFTED**.

 **SO ORDERED**, this 25th day of November, 2024.

                <u>/s/Debra M. Brown</u>
                **UNITED STATES DISTRICT JUDGE**

---

³ Webb's motion to dismiss remains denied as moot because on reconsideration, the Court dismissed Webb independent of his motion to dismiss.