IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**OLIVER C. HICKS**                                                            **PLAINTIFF**

v.                                                    **CIVIL ACTION NO.: 4:23-cv-242-DMB-JMV**

**STATE FARM FIRE AND CASUALTY**
**INSURANCE COMPANY AND**
**JOHN DOES 1-3**                                                     **DEFENDANTS**

**ORDER DENYING MOTION TO QUASH**

This matter is before the court on Defendant State Farm Fire and Casualty Company's ("State Farm") Objections to and Motion for Protective Order to Limit or Quash [Doc. No. 80] a Subpoena issued to non-party Cyndi Chrestman Insurance Agency, Inc. For the reasons that follow, the motion is **denied**. Notwithstanding the denial, the parties are directed to the further provision below.

**Background**

According to State Farm, Plaintiff entered into a lease purchase agreement for certain property located at 225 Maple Ave., Clarksdale, Mississippi. He procured an insurance policy for the property with State Farm through a State Farm Insurance agent.[1] On April 28, 2023, a fire occurred at the property, and Plaintiff presented a claim for coverage under the policy. During the claim investigation, State Farm declared that a material misrepresentation had been made at the time of the application for insurance. As a result, State Farm returned the policy premium, rescinded the policy, and denied the claim. The Plaintiff denies that any material misrepresentation was made on the application for insurance and filed the instant suit November 20, 2023, in the County Court of Coahoma County, Mississippi. [Doc. No. 2]. Defendant State Farm removed the

---

[1] Apparently, this was not Cyndi Chrestman.

1

case to this Court on December 12, 2023. [Doc. No. 1]. Plaintiff asserts that, to date, he still does not know what alleged material misinformation State Farm contends was made by him in the application. [Doc. No. 86].

Discovery in the case commenced on January 13, 2025. [Doc. No. 61]. Of relevance here, by way of initial disclosures, State Farm identified Cyndi Chrestman of the Cyndi Chrestman Insurance Agency, Inc. as a person with relevant information to support its defenses in the case, and, thereafter, submitted a series of requests for admissions to Plaintiff regarding an application for coverage of the home at 225 Maple Avenue, Clarksdale, Mississippi with nonparty Cyndi Chrestman Insurance Agency, Inc.

On February 20, 2025, Plaintiff filed a Notice of Issuance [Doc. No. 76], attaching a Subpoena Duces Tecum issued pursuant to Fed. R. Civ. P. 45 to non-party Cyndi Chrestman Insurance Agency, Inc. [Doc. No. 76-1]. The subpoena, in relevant part, reads:

> **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
>
> **DOCUMENTS TO BE PRODUCED:**
>
> 1. Any and all files, records, policies, documents, invoices, receipts, correspondence, electronic mail, text messages, video and/or digital recordings, evidencing your relationship with, or in any way related to, Oliver C. Hicks, a/k/a Cartier Hicks in relation to applications for Insurance for a property located at 225 Maple Ave., Clarksdale, Mississippi.
>
> 2. A list of all persons acting on behalf of Cyndi Chrestman Insurance Agency, Incorporated, who had communications, whether written, oral, or electronic, with respect to Oliver C. Hicks attempting to g in insurance for a property located at 225 Maple Ave., Clarksdale, Mississippi.

[Doc. No. 76-1].

This subpoena prompted State Farm to file the instant objections and Motion [Doc. No. 79]. In support of its Motion, State Farm contends Cyndi Chrestman is a licensed insurance agent in Clarksdale, Mississippi who sells and services State Farm insurance and financial products as an independent contractor. It is State Farm's contention that while State Farm provides Ms. Chrestman and her agency access to documents, information, software, materials and systems for the agency's use in selling and servicing State Farm insurance and financial products, that "information and [those] systems are considered by State Farm to be its property, as is information which is accessed through, maintained on and/or generated from such systems." [Doc. No. 81] at 2. According to State Farm, even though the information sought is or may be accessible to Ms. Chrestman "for use in carrying out the duties and responsibilities of the independent contractor agreement," "it does not belong to the Agency" and "the Agency is not authorized to disclose or distribute such information." [Doc. No. 81] at 5-6. In short, State Farm argues that the subpoena should be quashed with respect to any materials that relate to State Farm or its policies because they are the property of State Farm and the Chrestman Agency has no care, custody or control of them.

State Farm also asserts a host of objections to the form and scope of the description of the documents subpoenaed as follows: they are vague, ambiguous and overly broad as to the term "any and all files, records," "in any way related to" and in not being limited by type of policy or insurance coverage and a reasonable time period[2], and constitute "a potential invasion of the

---

[2] State Farm also initially asserted relevance as a basis of objection but by way of reply memo conceded the documents' relevance. ("State Farm does not dispute that information concerning the application(s) may be relevant and discoverable, nor does State Farm seek to limit Plaintiff's ability to obtain such information directly from State Farm. Rather, it merely seeks to limit Plaintiff's ability to such information from the Agency." [Doc. No 84] at 3.

attorney-client privilege and the work product doctrine" as well as seeking "confidential and proprietary business information." [Doc. No. 81] at 3.

In response to the motion, the Plaintiff notes that the subpoenaed party has, itself, not asserted any objection or sought to quash or limit the subpoena. However, the court notes that the record reflects the time for doing so will not expire until March 11, 2025.[3]

Plaintiff also asserts that State Farm has no standing to challenge the subpoena as it is served on a non-party, and even assuming State Farm has standing to challenge the instant subpoena, it is not vague or overly broad, but is narrowly tailored so as to explicitly cover "only applications or information made concerning Oliver C. Hicks and the property located at 225 Maple Avenue" [Doc. No. 86 at 3].

Finally, while Plaintiff denies that State Farm has demonstrated any basis (or provided a privilege log) for its claim that the documents are confidential/proprietary or subject to attorney client or work product privilege, he notes generally that modification of a subpoena is preferable to quashing it outright. *Wiwa v. Royal Dutch Petroleum Co.*, 392 F. 3d 812, 818 (5th Cir. 2004). Thus, Plaintiff suggests by way of accommodation, that had State Farm actually demonstrated some articulable particularized reason for doing so, it has no objection to entry of an appropriate protective order to prohibit disclosure of any confidential or proprietary information to State Farm's competitors and the like.

By way of reply, State Farm reiterates its position that "…, the information [at the Chrestman Agency] that is maintained on State Farm provided or State Farm accessed systems is the sole and exclusive property of State Farm, not the Agency and State Farm is entitled to protection from disclosure [by the Agency]." [Doc. No. 84] at n.3. To the extent Plaintiff asserted

---

[3] In correspondence with the Court, counsel represented that the subpoena was served on February 25, 2025, despite no notice of proof of service being docketed.

4

a challenge to State Farm's standing to object to the subpoena, State Farm asserts, citing, *inter alia*, *Univ. of Mississippi Med. Ctr. v. Sullivan*, No. 3:19-CV-00459-CWR-LGI, 2022 WL 2824975, at *2 (S.D. Miss. May 4, 2022)(citing *Ezell v. Parker*, No. 2:14-CV-150-KS-MTP, 2015 WL 859033, at *1 (S.D. Miss. Feb. 27, 2015)), "a party has standing to challenge subpoena to non-party seeking proprietary, confidential or protected information." [Doc. No. 81] at 4.

**The Law**

The Federal Rules of Civil Procedure allow a party to subpoena from a third party "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense," provided the matter is "in the responding party's possession, custody, or control." FED. R. CIV. P. 26(b)(1), 34(a)(1), 45(a)(1)(A)(iii). A party has "control" over documents or materials that it has the legal right to obtain even though it has no copy and even if the documents are owned or possessed by a nonparty. Thus, documents owned or possessed by agents, attorneys, hired consultants and other third parties hired by a party that the party can reasonably obtain the requested information from upon its own request fall within that party's custody or control. *MacNair v. Chubb Eur. Grp. SE*, No. CV 23-761, 2024 WL 663652, at *6 (E.D. La. Feb. 16, 2024).[4]

Federal Rule of Civil Procedure 45 "explicitly contemplates the use of subpoenas in relation to non-parties" and governs subpoenas served on a third party, as well as motions to quash or modify or to compel compliance with such a subpoena. *Isenberg v. Chase Bank USA, N.A.,* 661 F.Supp.2d 627, 629 (N.D. Tex. 2009).

Federal Rule of Civil Procedure 34 governs requests for production of documents and ESI

---

[4] The undersigned could not identify any cases from the Fifth Circuit Court of Appeals interpreting "possession, custody, or control," but other district courts in this circuit as well as other circuits have interpreted the phrase as above. *See U.S. Int'l Trade Comm'n v. ASAT, Inc.*, 411 F.3d 245 (D.C. Cir. 2005); *Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir. 1984); *Costa v. Kerzner Int'l Resorts, Inc.,* 277 F.R.D. 468 (S.D. Fla. 2011); *Colon v. Blades*, 268 F.R.D. 129 (D.P.R. 2010); *In re NTL, Inc. Secs. Litig.*, 244 F.R.D. 179 (S.D.N.Y. 2007); *Mt. Hawley Ins. Co. v. Felman Prod., Inc.,* 269 F.R.D. 609 (S.D. W. Va. 2010)); *Becnel v. Salas*, No. MC 17-17965, 2018 WL 691649, at *3 (E.D. La. Feb. 2, 2018).

from a party and explains that, "[a]s provided in Rule 45, a non-party may be compelled to produce documents and tangible things or to permit an inspection." FED. R. CIV. P. 34(c)., and, although Rule 34 governs document discovery from a party and not a non-party, *see* FED. R. CIV. P. 34(c), this reasonable particularity requirement should apply with no less force to a subpoena's document requests to a non-party. *See generally Wiwa v. Royal Dutch Petroleum Co.,* 392 F.3d 812, 818 (5th Cir. 2004). Further, although governed in the first instance by Rule 45, non-party subpoenas are also subject to the parameters of Rule 26. *Louisiana Corral Mgmt., LLC v. Axis Surplus Ins. Co.*, 650 F. Supp. 3d 491, 499–502 (E.D. La. 2023) ("Both Rules 45 and 26 authorize the court to modify a subpoena duces tecum when its scope exceeds the boundaries of permissible discovery or otherwise violates the parameters of Rule 45.") Pursuant to FED. R. CIV. P. 45(d)(3) a subpoena may be quashed or modified if the subpoena "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden."

As for standing to challenge a subpoena issued to a non-party, the general rule is that a party to litigation lacks standing to object to it, with a few exceptions. *Brown v. Braddick,* 595 F.2d 961, 967 (5th Cir. 1979). A party, in contrast to the entity toward whom the third-party subpoena duces tecum is directed,[5] only has standing to object to production of documents containing privileged or other protected matter; it does not have standing to raise objections based upon undue burden or the alleged broadness of the document request. *See* Charles A. Wright and

---

[5] Where a non-party objects to the subpoena as unduly burdensome and facially overbroad, the Court must consider the facts of the case, such as the nature and importance of the litigation, and consider (1) the relevance of the information requested; (2) Defendant's need for the requested documents; (3) the breadth of the document requests; (4) the time period covered by the requests; (5) the particularity with which Defendant describes the requested documents; and (6) the burden imposed, including the expense and inconvenience to the non-party. *See Wiwa,* 392 F.3d at 818.

6

Arthur R. Miller, Federal Practice and Procedure, § 2459 (1995); *Will–Drill Resources, Inc. V. J.R. Pounds, Inc.*, 2007 WL 609791, *2 (S.D. Miss. 2007); *Keybank Nat'l Ass'n v. Perkins Rowe Associates, LLC*, 2011 WL 90108, at *2 (M.D. La. Jan. 11, 2011) ("A party has standing to challenge a subpoena issued to a non-party if the subpoena seeks confidential or protected information sensitive to the movant … However, a party may not challenge a subpoena made to a third-party on the grounds that the information sought is not relevant or imposes an undue burden.").

Absent possession of the documents at issue or a personal right or privilege with respect to the subpoenaed materials, a party generally does not have standing to quash a subpoena duces tecum issued to a third party. *Louisiana Corral Mgmt., LLC v. Axis Surplus Ins. Co.*, 650 F. Supp. 3d 491, 499–502 (E.D. La. 2023). A party generally "cannot challenge a Rule 45 subpoena directed to a third party on the basis that ... the subpoena is overly broad, or that the subpoena seeks information that is irrelevant because only the responding third party can object and seek to quash a Rule 45 subpoena on those grounds." *Id*. at 500 (quoting *Salmon v. Waffle House, Inc.,* No. CV 19-1349, 2020 WL 6708382, at *2 (E.D. La. Nov. 16, 2020)); *see also Schmidt Tr. of Est. of Border Anesthesia Servs., P.C. v. McKee*, No. CV B-10-20, 2012 WL 13137023, at *3 (S.D. Tex. Feb. 21, 2012) (same).

Moreover, to the extent that a party has a personal interest in, or the information sought in a nonparty subpoena falls within the attorney-client privilege or work product protections, such that the party would have standing to seek relief from the subpoena, it must first make the required "particular and specific demonstration of fact" (as distinguished from stereotyped and conclusory statements) necessary to establish the existence of any attorney-client privilege communications or documents protected by the work product doctrine. *Louisiana Corral Mgmt.,*, 650 F. Supp. 3d

7

at 499–502. Assuming it makes the required showing of privilege or work product protection with regard to particular documents (identified on a proper privilege log), then the subpoena must be modified to preclude disclosure of such privileged or protected communications. *Id*. at 502.

**Analysis**

Applying the foregoing principles to the instant matter, I find as follows:

First, assuming the documents at issue are indeed the property of State Farm and utilized in the performance of its business, (inasmuch as Plaintiff did not challenge this assertion, it is accepted) I find State Farm has an interest in the documents sought sufficient to give it standing to bring on a challenge to the subject subpoena premised on privilege(s) or other protected basis such as work product. It would also be appropriate for State Farm to seek some protection from disclosure of any documents shown to be of such proprietary and confidential nature as to unfairly advantage its competitors if accessible to them.[6] However, it is clear that State Farm has wholly failed to assert such bases except in a conclusory fashion, appearing to rely instead on the repeated assertion that it is the owner of documents, and again, in a wholly conclusory manner, that the Chrestman Agency—while concededly having access to and utilizing the documents in its business, has "no possession custody or control of the documents."[7] I decline to find persuasive this generic assertion of "no control, custody, or possession" offered in briefing by State Farm without facts offered that actually support the conclusion, most notable of all, the subpoenaed party's representation to that effect. As concerns the suggestion that the subpoena be quashed because of the prospect that certain documents subject thereto are protected or privileged, not only have no such documents, protections, or privileges been identified, State Farm itself characterizes

---

[6] As discussed above, to the extent State Farm objects to the form or scope of the documents subpoenaed, they are without standing to do so.
[7] If the Chrestman Agency indeed has no such possession, control, or custody of any of the subpoenaed documents, in its response to the subpoena it would simply represent as such.

that circumstance as merely speculative.[8] Likewise, though asserting generally that unspecified subpoenaed documents are confidential or proprietary, no particulars are offered whatsoever. Even had there been, it appears Plaintiff stands ready to enter an appropriate protective order to prevent disclosure of such documents to State Farm's competitors or others who might use them unfairly.

In summary, State Farm's Motion to Quash [Doc. No. 80] is **denied**. However, I will require that, assuming documents are produced by the Chrestman Agency in response to the subpoena, they be provided only to the undersigned with a duplicate to State Farm. State Farm will then have a five-business day period, beginning to run the day after the production of any documents, to produce a privilege log in compliance with the applicable Federal and Local Rules of Civil Procedure identifying any claimed privileged or work product protected documents. The balance of the documents produced in response to the subpoena will then be made available to the Plaintiff, together with the privilege log, and Plaintiff will then have a five-business day period, beginning the day after any documents are made available to him, in which to challenge any claimed privilege/work product protection(s).

**SO ORDERED,** this the 11th day of March, 2025.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**

---

[8] State Farm references only "a potential invasion of the attorney-client privilege and the work product doctrine". [Doc. No. 81] at 3.