## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## GREENVILLE DIVISION

**OLIVER C. HICKS**                                                                **PLAINTIFF**

**V.**                                        **CIVIL ACTION NO.: 4:23-cv-242-DMB-JMV**

**STATE FARM FIRE AND CASUALTY**
**COMPANY AND**
**JOHN DOES 1-3**                                                                **DEFENDANTS**

## ORDER DENYING MOTION TO QUASH AND/OR FOR PROTECTIVE ORDER OF THE DEPOSITIONS OF OLIVER HICKS JR. AND DANIELLE L. CLARK HICKS

      This matter is before the court on an expedited basis for a ruling on Plaintiff's motion to quash deposition subpoenas [Doc. 125] issued to his father, Oliver Hicks, Jr., and his wife, Danielle L. Clark Hicks, both of which command attendance at Carnegie Public Library, 114 Delta Ave., Clarksdale, Mississippi 38614, on June 19, 2025.[1] For the reasons explained below, the Court finds that the motion shall be DENIED. However, Oliver Hicks, Jr. shall be permitted to raise his health-related concerns in accordance with the requirements below.

      In a nutshell, in his complaint, the Plaintiff alleges that on January 26, 2023, he applied for and subsequently procured a policy of insurance from State Farm, issue date February 6, 2023, on a property located at 225 Maple Avenue, Clarksdale, Mississippi 38614; on April 28, 2023, the property burned; and then, State Farm wrongfully rescinded his policy for an alleged material misrepresentation in the application, and denied the fire claim.

      In response to the claims made, Defendant contends that the application Plaintiff provided for the insurance contained a material misrepresentation by him, including that the property to be insured had not incurred damage that had not, as of the application date, been repaired; that the Plaintiff had not had any similar type of insurance cancelled within three (3)

---

[1] Mr. Hicks' deposition is noticed for 10:00 a.m., and Mrs. Hicks' deposition is noticed for 1:00 p.m. [Doc. 125].

years of the application date of the subject policy; and that even if recission of the policy on the basis of material representation in the application was not a valid defense, there is still no coverage available under the Policy on the basis that the Plaintiff breached the Duties After Loss Condition of the Policy and/or that he breached the Fraud or Concealment Condition of the Policy, including by making material misrepresentations in the EUO and by having allegedly intentionally caused the fire.[2]

In support of the instant motion to quash the deposition of his father and wife, Plaintiff argues that these proposed deponents have no relevant information on the subject of any alleged misrepresentations made by him in the subject application for insurance or during the claims process, and in the case of his father, in particular, he is 83 years old and "just . . . had heart surgery on Friday, June 6, 2025." [Doc. 125]. Specifically, Plaintiff argues:

> No where in the application do the names of either Oliver Hicks, Jr. or Danielle Clark Hicks appear. State Farm has maintained a material misrepresentation was made on the application by the Plaintiff. If such a misrepresentation was made it is the Plaintiff's position it was made by State Farm who took the application. Mr. Oliver Hicks, Jr. is (83) eighty-three years old and just had heart surgery. Any attempt to depose him by State Farm would place undue burden, hardship, and annoyance to this elder gentlemen. Also, there is no arguable basis for taking the deposition of Danielle Clark Hicks, who never saw the property, filled out an application, or participated in the claim process after the fire.

[Doc. 125] at 2.

In opposition to the motion to quash [Doc. 139 and 140], State Farm makes a number of arguments. It contends:

1) Only a subpoena recipient has standing to file a motion to quash on the grounds of undue burden. *University of Mississippi Medical Center v.*

---

[2] State Farm *cites Sobley v. S. Nat. Gas Co.,* 210 F.3d 561, 564 (5th Cir. 2000) ("Under Mississippi law, an insurer may rely on any exclusion in the policy to show that no coverage existed, whether or not that exclusion was the stated basis for denial.") for the proposition that reasons for there to be no coverage not known at the time of denial, but discovered during litigation, can be relied upon to show no obligation to pay under the policy.

2

*Sullivan,* No. 3:19-CV-00459-CWR-LGI, 2022 WL 2824975, at *2 (S.D. Miss. May 4, 2022) (citing *Keybank Nat. Ass'n v. Perkins Rowe Assocs., LLC,* No. CIV.A. 09-497-JJB-SR, 2011. Plaintiff is not the subpoena recipient.

2) A party may only move to quash a nonparty subpoena when asserting a privilege, which Plaintiff has not done. *See Hardy v. Scandinavian Airlines Systems*, 2025 WL 416106, at *4 (E.D. La. Feb. 6, 2025).

3) Given Plaintiff's own EUO testimony and deposition testimony, these two family members have or are likely to have relevant knowledge as it relates to one or more of the State Farm's defensive claims—such as information relevant to Plaintiff's knowledge of the condition of the Maple Street property at the time of application; regarding Plaintiff's notice of prior cancellation of similar policies issued to him; Plaintiff's whereabouts at the time of the subject fire and the events immediately surrounding it; and Plaintiff's financial condition at the time of the fire.

4) Plaintiff failed to comply with L.U. Civ. R. 37(c). Pursuant to L.U. Civ. R. 45(e), motions regarding Rule 45 subpoenas are considered discovery motions. Under L.U. Civ. R. 37(a), discovery motions must be filed with a Good Faith Certificate, which Plaintiff did not do.

5) As for Plaintiff's alternative request for a protective order limiting the deposition questioning to material misrepresentation on the application for insurance coverage, defendant relies on, in addition to the foregoing, the assertion that no good cause as required pursuant to Fed. R. Civ. P. 26(c) has been demonstrated. *See In re Terra Int'l, Inc.,* 134 F.3d 302, 306 (5th Cir.

3

1998) (quoting *United States v. Garrett,* 571 F.2d 1323, 1326, n. 3 (5th Cir. 1978)); *see also* (*In re: Chiquita Brands Int'l, Inc*., 965 F.3d 1238, 1249 (11th Cir. 2020) *cert. denied*, 142 S. Ct. 312, 211 L. Ed. 2d 147 (2021) ("Federal Rule of Civil Procedure 26(c) allows a court to issue a protective order upon a finding of good cause."). When entry of a protective order is opposed, the moving party bears the burden of showing good cause exists, "which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *Id.* Plaintiff has not made such a particularized showing.

In reply [Doc. 143 and 144], the Plaintiff does not address the particular defenses, arguments, authorities, and prior testimony raised by Defendant in support of its opposition to the motion to quash. Instead, he simply insists that his father and his wife "know absolutely nothing about what information was given by Oliver C. Hicks during the application of insurance," which Plaintiff contends is the only information relevant in this litigation. [Doc. 144] at 1.

Against this backdrop, the Court finds that the motion to quash (or in the alternative for a protective order) [Doc. 125] is without merit for the multiple reasons relied on by State Farm, articulated above; and which went unaddressed, for the most part, by the Plaintiff. Nevertheless, the Court is concerned that Oliver Hicks, Jr., who Plaintiff represents has "just had a heart attack," has not had a sufficient opportunity to resolve this issue through informal consultation by counsel, or failing which, by filing a motion to quash on his behalf (not Plaintiff's) based on his current medical condition. Provided, however, that medical documentation to support the

4

assertion that his health would be jeopardized by attendance for a deposition must accompany any such motion to quash. To accommodate the forgoing, the Court orders as follows:

The instant motion [Doc. 125] is denied, and the deposition of Danielle L. Clark Hicks shall proceed as noticed. The deposition of Oliver Hicks, Jr., shall, however, be delayed three (3) business days from today to permit counsel an opportunity to informally resolve any health-related concerns raised by his attendance at a deposition, or failing such an informal resolution, to permit him seven (7) business days from the date of this order to file a motion to quash based on his current health condition, provided medical support for the same is attached. Responses will be due within three (3) business days after a motion, if any, is filed, and a reply, if any, will be due one (1) business day after the response. Should no informal resolution be made nor a timely motion to quash be filed as aforesaid, the deposition of Oliver Hicks shall be conducted within one (1) business day thereafter.

**SO ORDERED**, this the 17th day of June, 2025.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**